```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MISSOURI
                              NORTHERN DIVISION
```

SHANNON LOUISE MILLER,           )
                                 )
        Plaintiff,                )
                                 )
    v.                           )       No. 2:16-CV-52 CDP
                                 )
JUSTION JONES, et al.,           )
                                 )
        Defendants.              )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed her financial information, the Court assesses a partial initial filing fee of $16, which is twenty percent of her average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to review in forma pauperis complaints and dismiss them if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. In reviewing the complaint, the Court finds that it has been drafted in a manner that makes it difficult to review and would make it difficult for defendants to answer.

Plaintiff has included her allegations in two separate documents. Her allegations are often too vague to state a claim for relief under § 1983. Some of her allegations are in numbered paragraphs while others are not.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to complain a "short and plain statement" of the facts giving rise to relief. Rule 10 requires a plaintiff to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Because plaintiff is pro se, the Court will direct her to file an amended complaint before dismissing any parties or claims. Plaintiff should try to limit each numbered paragraph to a single defendant and his or her bad acts. The complaint should contain the who, what, when, and where of what happened. And it should be simple and straightforward. No legal terminology or case law is necessary.

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so she must include each and every one of her claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must use the form and file an amended complaint no later than thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice.

Dated this 23rd day of September, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).